UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EVARISTO ROSARIO       :
                       :
     v.                :   C.A. No. 13-373ML
                       :
STATE OF RHODE ISLAND  :

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL**

Lincoln D. Almond, United States Magistrate Judge

On May 21, 2013, Petitioner Evaristo Rosario filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  First, as to the IFP Application, Petitioner indicates that he is not incarcerated and is employed and reports sufficient income and assets to pay the $5.00 filing fee applicable to cases filed under 28 U.S.C. § 2254.  See 28 U.S.C. § 1914(a).  Therefore, I recommend that Petitioner's IFP Application be DENIED.

Second, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254, this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."  For the reasons discussed below, I recommend that this Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED because Petitioner is not presently in state custody.  According to Petitioner's IFP Application, he is not presently incarcerated.  On December 12, 2007, Petitioner was found guilty of felony assault after a jury trial and sentenced on February 8, 2008 to a five-year suspended sentence with five years' probation.  See State v. Rosario, 14 A.3d 206, 214 (2011).  Thus, it appears that Petitioner did not serve any jail time and that his term of

suspended sentence and probation recently expired. Petitioner also does not allege that he is subject to any ongoing suspended sentence or unexpired period of parole or probation that might satisfy the "in custody" requirement. See Mainali v. Virginia, C.A. No. 1:11cv1215, 2012 WL 2619132 at *2 (E.D. Va. June 25, 2012). Thus, Petitioner is not "a person in custody pursuant to the judgment of a State Court" as required to invoke this Court's habeas corpus jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490 (1989).

For the foregoing reasons, I recommend that this Habeas Corpus Petition be DISMISSED with prejudice pursuant to Rule 4 of the Federal Rules Governing Habeas Corpus Petitions under § 2254. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 22, 2012